UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL SCHOLER,<br><br>         Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>         Defendant. | CASE NO. 12-cv-5567-JRC<br><br>ORDER ON PLAINTIFF'S CONTESTED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter comes before the Court on plaintiff's contested motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter "EAJA") (*see* ECF Nos. 26, 27).

Subsequent to plaintiff's success at obtaining a reversal of the decision of the Social Security Administration, defendant Acting Commissioner challenged plaintiff's

request for statutory attorney's fees on the grounds that defendant's position in this matter was justified in substance and had a reasonable basis in fact and law.

Because this Court disagrees, and because the requested fees are reasonable, plaintiff's motion for statutory fees should be granted.

BACKGROUND and PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act (*see* Tr. 690). His applications were denied initially and following reconsideration (Tr. 51). Plaintiff's requested hearing was held before Administrative Law Judge Verrell Dethloff ("the ALJ") on August 2, 2007 (Tr. 704-31). On November 16, 2007, the ALJ issued a written decision in which he concluded that plaintiff was not disabled pursuant to the Social Security Act (Tr. 11-23).

On March 26, 2008, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 7-10). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision (*see* 08-cv-05299 RJB-KLS). A stipulated Order for Remand was entered on October 15, 2008, remanding the matter back to the Social Security Administration (Tr. 777-781).

On January 8, 2009, the Appeals Council issued an order to vacate the previous decision and remanded for further proceedings consistent with the order of the District Court (Tr. 782-786). The ALJ was directed to give further consideration to treating source opinions, specifically those of Mary C. Mangione-Lambie, Ph.D., and William J.

Morris, M.D., and to explain the weight given to them; to give further consideration to plaintiff's maximum residual functional capacity; to re-evaluate plaintiff's ability to return to his past relevant work; and if warranted, obtain supplemental evidence from a vocational expert (Tr. 785).

ALJ Verrell Dethloff ("the ALJ") held hearings on June 23, 2009 (Tr. 1194-233), April 6, 2010 (Tr. 1234-62) and June 4, 2010 (Tr. 1263-85). The ALJ issued his decision finding plaintiff not disabled on August 10, 2010. The Appeals Council found no reason to assume jurisdiction, making the ALJ's last written decision the Commissioner's final decision subject to this Court's review (Tr. 732-35).

Plaintiff filed a complaint in this Court in July, 2012 (*see* ECF No. 1). Defendant filed the sealed administrative record regarding this matter ("Tr.") on November 16, 2012 (*see* ECF Nos. 15, 17).

Following oral argument, this Court found that the ALJ failed to follow the Order of the Court on remand to re-evaluate the medical evidence, including the opinion evidence of Dr. Mary C. Mangione-Lambie, Ph.D., examining psychologist (*see* ECF No. 24, pp. 5-10). This matter was reversed pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration due to the harmful error in the evaluation of Dr. Mangione-Lambie's opinion (*see id.*, pp. 18-19).

Subsequently, plaintiff filed a motion for EAJA attorney's fees, to which defendant objected (*see* ECF Nos. 26, 27). Defendant "asserts that her position was substantially justified and that no attorney fees should be awarded under the EAJA" (ECF

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 3

No. 27, p. 2; *see also* pp. 2-7). Plaintiff did not file a reply, however addressed this issue in his EAJA motion.

## STANDARD OF REVIEW

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied*, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley, supra*, 461 U.S. at 433, 436-37.

## DISCUSSION

In this matter, plaintiff clearly was the prevailing party because he received a remand of the matter to the administration for further consideration (*see* Order on Complaint, ECF No. 24, pp. 18-19). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

Defendant correctly notes that the fact that the Administration did not prevail on the merits does not compel the conclusion that its position was not substantially justified (*see* Response, ECF No. 27, p. 3 (*citing Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988))).

The Supreme Court squarely addressed the meaning of the term "substantially justified." *See Pierce v. Underwood*, 487 U.S. 552, 564-68 (1988). The Court concluded that "as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main" -- that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565. The Court continued, noting that the stated definition "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." *Id.* (citations omitted).

In addition, as stated by the Ninth Circuit, a "substantially justified position must have a reasonable basis both in law and fact." *Guiterrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (*citing Pierce v. Underwood*, *supra*, 487 U.S. at 565; *Flores v. Shalala*,

49 F.3d 562, 569 (9th Cir. 1995)). The Court is to focus on whether or not the Administration was substantially justified in taking its original action; and, in defending the validity of the action in court. *Id.* at 1259 (*citing Kali*, *supra*, 854 F.2d at 332).

Although defendant discusses again arguments regarding the merits of the underlying matter, the Court concludes that defendant has not demonstrated that the reason for the reversal of this case concerned an issue with respect to which reasonable minds could differ (*see* Response, ECF No. 27, p. 3 (*citing Gonzales v. Free Speech Coalition*, 408 F.3d 613, 617 (9th Cir. 2005); *see also* ECF No. 27, pp. 3-6). Therefore, the Court will address whether or not defendant was substantially justified in taking its original action; and, in defending the validity of the action in court. *Guiterrez*, *supra*, 274 F.3d at 1259 (*citing Kali*, *supra*, 854 F.2d at 332); and, if the "substantially justified position [] ha[s] a reasonable basis both in law and fact." *See Guiterrez*, *supra*, 274 F.3d at 1258 (citations omitted).

Here, the Court refers to plaintiff's summary of this Court's Order on his complaint:

> First, this case had previously been remanded with orders to reconsider the opinion of Dr. Mangione-Lambie. Despite this mandate from the Court, the ALJ offered no discussion of Dr. Mangione-Lambie's opinion in his decision. This Court found that the "ALJ did not provide any specific analysis of Dr. Mangione-Lambie's conclusions, but rather relied on Dr. Lewy's explanation regarding why he rejected those opinions" [internal citation to ECF No. 24 at 7]. The Court also noted that "[a] passing reference to Dr. Mangione-Lambie's opinion, in conjunction with a discussion of other DSHS evaluators by another reviewing physician does not provide an explanation by this ALJ for rejecting her conclusions, nor does it 'explain the weight given to such opinion evidence'" [internal citation to ECF No. 24 at 8 (*citing* Tr. 785)]. This Court found that it was the ALJ's responsibility, not the responsibility of a reviewing consultant, to accept, reject and resolve conflicts in the medical opinions [internal citation to ECF No. 24 at 8].

(*see* EAJA Motion, ECF No. 26, p. 6-7).

Even if the Court was to find persuasive defendant's argument that the ALJ reasonably relied on Dr. Lewy's analysis of Dr. Mangione-Lambie's opinion and also was to find that Dr. Lewy's analysis of her opinion was proper, there still lacks a reasonable basis in law for the ALJ's failure to follow the Order from the Appeals Council, as well as this Court's Order. The ALJ was directed to give further consideration to treating source opinions, specifically including that of Dr. Mangione-Lambie, Ph.D., and to explain the weight given (*see* Tr. 785). Although arguably there is a reasonable basis in fact for the ALJ's failure to do so, there is no reasonable basis in law for the ALJ's failure to follow the direction to discuss the medical opinion of Dr. Mangione-Lambie and explain the weight given.

Furthermore, the Court finds persuasive the following argument of plaintiff:

> Defendant's choice to defend these [ALJ] errors, particularly where the ALJ failed to following the instructions of the Court requiring express consideration of a specific opinion, did not have a reasonable basis in law and fact and was not substantially justified.

(*See* ECF No. 26, p.8 (*citing Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (other citation omitted)).

The Court concludes that there is no reasonable basis in fact or law for defending before this Court the ALJ's failure to follow instructions of the Court and failure to discuss the relevant examining psychologist's opinion: This is not a matter about which reasonable minds could differ.

The Court concludes that with respect to the ALJ's decision and the Administration's defense of said decision before this Court regarding the conclusive issue herein, the Administration's position was not substantially justified.

The Court also concludes that there are no special circumstances which render an EAJA award in this matter unjust.

Therefore, all that remains is to determine the amount of a reasonable fee. *See* 28 U.S.C. § 2412(b); *Hensley, supra*, 461 U.S. at 433, 436-37; *see also Roberts v. Astrue*, 2011 U.S. Dist. LEXIS 80907 (W.D. Wash. 2011), *adopted by* 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

Once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley, supra*, 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley, supra*, 461 U.S. at 433.

Here, plaintiff prevailed on the single claim of whether or not the denial of his social security application was based on substantial evidence in the record as a whole and not based on harmful legal error. When the case involves a "common core of facts or will be based on related legal theories . . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See Hensley, supra*, 461 U.S. at 435.  The

Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

The Court concludes based on a review of the relevant evidence that the plaintiff here obtained excellent results. Therefore, the Court will look to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompasses the lodestar. *See Hensley, supra*, 461 U.S. at 435. Other relevant factors identified in *Johnson*, *supra*, 488 F.2d at 717-19 "usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate."[1] *See Hensley, supra*, 461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway*, 2008 U.S. Dist. LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing th[e] *Hensley* lodestar method of the hours reasonably expended multiplied by a reasonable hourly rate] to determine the amount of an attorney's fees award does not directly consider the multi-factor test developed in *Johnson*, *supra*, 488 F.2d at 717-19, and *Kerr*, *supra*, 526 F.2d at 69-70"); *but see Goodwin v. Astrue*, 2012 U.S. Dist. LEXIS 97651 at *10-*12, *14-*20 (W.D. Wash. 2012) (applying *Johnson* factors), *adopted by* 2012 U.S. Dist. LEXIS 97650 (W.D. Wash. 2012). These guidelines are consistent with Washington Rules of Professional Conduct 1.5.

---

[1] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*, 488 F.2d at 717-19) (citations omitted); *see also United States v.Guerette*, 2011 U.S. Dist. LEXIS 21457 at *4-*5 (D. Hi 2011) ("factors one through five have been subsumed" in the determination of a number of hours reasonably expended multiplied by a reasonable rate); *but see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting factor 6 of contingent nature of the fee).

Given the facts and circumstances of the matter herein, and based on the briefing, declarations and attorney time sheet, the Court concludes that the amount of time incurred by plaintiff's attorney in this matter is reasonable.

Specifically, following a review of plaintiff's request, the Court finds reasonable plaintiff's request for expenses in the amount of $20.30 and for attorney's fees in the amount of $7,768.05, representing 41.9 hours of work, for a total award of $7,788.35.

## CONCLUSION

Plaintiff's request for $20.30 in expenses should be granted.

Plaintiff should be awarded $7,768.05 in attorney's fees, representing 41.9 hours of work, for a total award of $7,788.35, pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at \*\*\*6-\*\*\*7 (2010).

Plaintiff's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id.* at 2528. If it is determined that plaintiff's EAJA fees are not subject to any offset, or if there is a remainder after an offset, the check for EAJA fees shall be made payable to plaintiff's counsel, either by direct deposit or by check payable to Dellert Baird Law Offices, PLLC, based on plaintiff's assignment of these amounts to plaintiff's attorney. The checks for EAJA fees and costs shall be mailed to plaintiff's counsel at Dellert Baird Law Offices, PLLC, 9481 Bayshore Dr. NW, #203, Silverdale, WA, 98383.

Dated this 10th day of March, 2014.

J. Richard Creatura
United States Magistrate Judge

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 10